UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:10-cr-00015-JMS-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DARRIN STARKS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:10-cr-00015-JMS-TAB |
| DARRIN STARKS, | ) ) | -01 |
| Defendant. | ) ) | |

**ORDER**

Defendant Darrin Starks has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 155. Mr. Starks seeks immediate release from incarceration because of the COVID-19 pandemic. For the reasons explained below, his motion is **DENIED**.

**I.   Background**

In 2013, Mr. Starks pled guilty to one count of conspiracy to possess with the intent to distribute and/or distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkts. 84, 103. According to the presentence investigation report, Mr. Starks was a distributor for a drug trafficking organization operating in Indianapolis. Dkt. 92. Law enforcement officials determined that Mr. Starks was accountable for at least 104.7 kilograms of cocaine. *Id.* The Court sentenced Mr. Starks to a term of imprisonment of 204 months, to be followed by 5 years of supervised release. Dkts. 99, 103. Mr. Starks is currently serving his sentence at FCI Yazoo City Low in Yazoo City, Mississippi. *See* https://www.bop.gov/inmateloc/ (last visited Aug.19, 2021). His anticipated release date (with good-conduct time included) is November 24, 2024. *Id.*

2

In October 2020, Mr. Starks's retained counsel filed a motion for compassionate release on his behalf, dkt.155, and the United States filed a brief in opposition, dkt. 159. Mr. Starks thereafter filed a reply. Dkt. 160. After Mr. Starks's motion was ripe, the United States (at the Court's request) filed a medical record showing that Mr. Starks had refused the opportunity to receive the Pfizer COVID-19 vaccine on April 19, 2021. Dkt. 165-1. Mr. Starks was then given the opportunity to show cause why the Court should not deny his motion because the COVID-19 pandemic no longer presented an extraordinary and compelling reason for his release. Dkt. 166. Mr. Starks responded, dkt. 167, and his motion is now ripe for decision.

## II.     Legal Standard

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.' 18 U.S.C. § 3582(c)(1)(A)." *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). But, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

## III.    Discussion

Mr. Starks argues that he has established extraordinary and compelling reasons for release because he has various medical conditions (including sleep apnea, asthma, being overweight, high cholesterol and hyperlipidemia) that place him at risk for having a severe illness if infected with

COVID-19 and he cannot adequately protect himself from being infected while incarcerated. *See* dkts. 155, 168. He also argues that the sentencing factors in § 3553(a) favor release, emphasizing that he has served more than 60% of his sentence and has secured employment and plans to live with his fiancée if released. *See* dkt. 155. In response to the Court's direction, the United States submitted evidence showing that Mr. Starks was offered the Pfizer COVID-19 vaccine in April 2021 but declined the opportunity to receive the vaccine. Dkt. 165-1. It also argues that the § 3553(a) factors weigh against release. Dkt. 159.

In response to the Court's show-cause Order, Mr. Starks's counsel offered various reasons for Mr. Starks's decision to decline the vaccine. Dkt. 167. He represents that Mr. Starks has concerns about the safety of the vaccines authorized for use in the United States and argues that Mr. Starks should not be punished for choosing to wait for a vaccine that uses older, more familiar technologies that are less likely to cause side effects, such as Novavax's pending vaccine. *Id.* He represents that Mr. Starks's fears are compounded by the fact that none of the vaccines in the United States have been fully approved by the FDA. *Id.* He represents that Mr. Starks is concerned that the clinical trials conducted by Pfizer, Moderna, and Johnson & Johnson are not as rigorous as they should be and that the regulatory process is bowing to political pressures and fears about the pandemic. *Id.* He represents that Mr. Starks is concerned with the potential side effects of receiving a vaccine, including myocarditis. *Id.* He represents that Mr. Starks is concerned that he cannot sue any of the major manufacturers if he develops a rare, serious side effect, but instead could only be compensated through the Countermeasures Injury Compensation Program. *Id.* He represents that Mr. Starks is wary of vaccines because the United States government has a sordid history of medical experimentation on prisoners and African Americans. *Id.* Finally, he represents

that Mr. Starks does not believe he would be safe from COVID-19 if he received one of the currently authorized vaccines because he is obese and has other medical conditions. *Id.*

Mr. Starks has not presented any evidence that he declined the vaccine for any of the above-stated reasons. Regardless, the question is not whether Mr. Starks has presented a good enough reason for declining the vaccine. He is, of course, free to refuse the vaccine. The question the Court faces is whether extraordinary and compelling reasons support his immediate release. They do not.

Recently, the U.S. Court of Appeals for the Seventh Circuit held that COVID-19 could not be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at 803. Moreover, the court concluded that "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." *Id.* Finally, the Court notes that on August 23, 2021, the FDA gave full approval for the Pfizer vaccine.

Mr. Starks refused the opportunity to receive the vaccine, but he has not presented evidence that the vaccine is medically contraindicated for him. The Court also need not accept his self-diagnosed skepticism about the COVID-19 vaccines. Therefore, under *Broadfield*, Mr. Starks has not shown an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A)(i).

Because Mr. Starks has not shown an extraordinary and compelling reason warranting a sentence reduction, the Court need not discuss whether the § 3553(a) factors favor release.

### IV. Conclusion

For the reasons stated above, Mr. Stark's motion for compassionate release, dkt. [155], is **denied**.

**IT IS SO ORDERED.**

Date: 8/24/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel